UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

SAMMY EDWARDS and EDDIE BROWN,

    Plaintiffs,                               **JURY TRIAL DEMANDED**

    v.

GRAMPA'S REAL ESTATE, INC., a
Florida profit company d/b/a GRAMPA'S
BAKERY & RESTAURANT, and CAROL
GRAMPA,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiffs, SAMMY EDWARDS, ("EDWARDS"), and EDDIE BROWN. ("BROWN") by and through their undersigned attorney, files this, their Complaint for Damages against Defendants, GRAMPA'S REAL ESTATE INC., a Florida profit corporation d/b/a GRAMPA'S BAKERY & RESTAURANT, (hereinafter "GRAMPA'S BAKERY"). and CAROL GRAMPA, (hereinafter "C. GRAMPA"), and state as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant,

GRAMPA'S BAKERY was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants, GRAMPA'S BAKERY and C. GRAMPA, operated a bakery and restaurant. Plaintiffs, EDWARDS and BROWN's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, including food, drink, and bakery equipment, which were used commercially in Defendants' business, and moved in interstate commerce.

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

    a.    The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

    b.    Defendants were and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiffs, EDWARDS and BROWN were "employee[s]" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant, GRAMPA'S BAKERY was conducting business in Dania Beach, Broward County, Florida.

10. At all times material hereto, Defendants, GRAMPA'S BAKERY and C. GRAMPA were the employers of Plaintiffs, EDWARDS and BROWN.

11. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

12. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiffs, EDWARDS and BROWN their lawfully earned wages in conformance with the FLSA.

13. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, GRAMPA'S BAKERY was an "enterprise" engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiffs, EDWARDS and BROWN was directly essential to the business performed by Defendants, GRAMPA'S BAKERY and C. GRAMPA.

16. Plaintiffs, EDWARDS and BROWN have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. From on or about November 16, 2016 to about March 12, 2020, Plaintiff, EDWARDS was employed by the Defendants as a cook at the Defendants' bakery and restaurant.

18. Defendants paid Plaintiff, EDWARDS an hourly rate of $12.00 per hour.

19. From in or about 2015 to about March 12, 2020, Plaintiff, BROWN was employed by the Defendants as a chef at the Defendants' bakery and restaurant.

20. Defendants paid Plaintiff, BROWN an hourly rate of $11.00 per hour, until about June 2019; commencing about July 2019, his hourly rate was increased to $12.00 per hour.

21. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiffs. EDWARDS and BROWN.

22. Defendant, C. GRAMPA was a supervisor and/or manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiff, KING. Therefore, she is personally liable for the FLSA violations.

23. Defendant, C. GRAMPA was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs, EDWARDS and BROWN.

24. Plaintiffs, EDWARDS and BROWN have retained Bober & Bober, P.A. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

25.  Plaintiffs, EDWARDS and BROWN repeat and reallege Paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiffs, EDWARDS and BROWN's employment with the Defendants was to consist of a normal work week for which they should have received time and one-half for their hours worked in excess of the maximum hours provided for in the FLSA.

27.  During Plaintiffs, EDWARDS and BROWN's employment, Plaintiffs worked hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half for all of their hours.  Plaintiffs, EDWARDS and BROWN were entitled to be paid at the rate of time and one-half for all of their hours worked in excess of the maximum hours provided for in the FLSA.

28.  Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs, EDWARDS and BROWN at the statutory rate of time and one-half for all the hours they worked in excess of forty (40) hours per week when they knew or should have known such was due.

29.  Defendants failed to properly disclose or apprise Plaintiffs, EDWARDS and BROWN of their rights under the FLSA.

30.  As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs, EDWARDS and BROWN are entitled to liquidated damages pursuant to the FLSA.

31. Due to the willful and unlawful actions of the Defendants, Plaintiffs, EDWARDS and BROWN have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

32. Plaintiffs, EDWARDS and BROWN are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs, EDWARDS and BROWN respectfully request that judgment be entered in their favor against the Defendants:

    a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiffs, EDWARDS and BROWN overtime compensation in the amount calculated;

    c. Awarding Plaintiffs, EDWARDS and BROWN liquidated damages in the amount calculated;

    d. Awarding Plaintiffs, EDWARDS and BROWN reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiffs, EDWARDS and BROWN post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs, EDWARDS and BROWN demand trial by jury on all issues so triable as of right by jury.

Dated: July 23, 2020.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite-A304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com

By: s/. Peter Bober
FBN # 0122955